OPINION
Defendant Mitchell E. Thornsley appeals a judgment of the Court of Common Pleas of Coshocton County, Ohio, which terminated the marriage between appellant and plaintiff-appellee Kathryn L. Thornsley, assigned parental rights and obligations between the parties, set child and spousal support, and allocated the parties' separate and marital property. Appellant appeals only the property division portion of the divorce decree. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ITS FINDINGS OF THE MARITAL AND SEPARATE PROPERTIES OF THE PARTIES.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ITS DENYING THE REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.
This matter was heard by a magistrate. The magistrate made extensive findings of fact and conclusions of law. The trial court overruled appellant's objections, and adopted the magistrate's decision after reviewing the record, including the transcript of the hearing before the magistrate.
The record indicates the parties were married over twenty-three years, and produced three children, two of whom were emancipated. At the time of the hearing, appellee was employed by the New York Deli in Coshocton, Ohio, making approximately $9,500 per year. Appellant is self-employed by MET Construction in Coshocton, and the magistrate projected his income would be approximately $56,000 for the year.
In 1997, appellee's father passed away, and she inherited various items and $136,186.01 cash. Appellee placed the funds in various bank accounts, bearing either her name individually, or her name and that of one of the parties' children. The magistrate found no other funds had ever been placed in the accounts, and appellant never had access to the accounts. However, appellee withdrew money from her own account over a period of two years, amounting to approximately $80,000, to pay taxes, marital debts, and personal and business expenses.
On November 10, 1999, appellant's father passed away. His will provided that each of the five grandchildren, including the three children of the parties, would received $5,000. Appellant inherited the remainder of the estate, including a home on Kenilworth Avenue, a home on Fairview Boulevard, two parcels of real estate, tangible personal property, and $146,858.96 cash. Additionally, while appellant's father was in the hospital, appellant removed between $20,000 and $30,000 of cash from his father's home, and placed the money in a lock box at a local bank. Appellant placed the box in his name and appellee's name, and permitted appellee access to the cash. At the time of the hearing, there was approximately $14,000 in the lock box. The balance of the funds had been removed by appellee to pay for expenses of the family or business. The magistrate found the $14,000 in the lock box was marital property.
Appellant placed the cash he received from his father's estate in a money market account bearing his name and appellee's. The account had contained $20,475.15 of marital funds at the time appellant deposited the cash from his father's estate. Appellee had complete access to this account, and made withdrawals as necessary either to deposit in the MET Construction checking account or to meet the family's expenses. Until the divorce, appellee performed all banking activities for MET Construction and for the family.
When appellee filed for divorce, appellant closed the money market account, taking the remainder of the funds, $45,606 and depositing it in an account bearing only his name.
Of the two homes appellant's father owned before his death, the parties used the home on Kenilworth Avenue as their marital home during their entire marriage. Appellee testified she believed it was marital property based not only on appellant's actions, but what she believed appellant's father wished. The parties had made extensive improvements to the Kenilworth Avenue home during the marriage. The parties paid for the materials out of marital funds, and the labor for the improvements were done either by appellant alone, or with MET Construction workers who were paid out of marital funds. The Kenilworth Avenue property was appraised at $65,000. The appraiser testified the value of the property without the improvements would have been $27,000 to $28,000.
Appellant's father occupied the Fairview Boulevard home. After appellant's father died, the parties began to renovate the property extensively. Appellant and/or the MET Construction employees did some of the work, but other jobs required a general contractor, and other subcontractors. The home improvements cost approximately $119,000, which was paid for out of the MET Construction home loan checking account. The parties intended to move from the Kenilworth Avenue home to the home on Fairview Boulevard when the renovations were completed.
The appraiser valued the Fairview Boulevard real estate at $97,500. The appraiser testified the value of the property without the improvements would have been $18,000 to $20,000.
Neither the Kenilworth Avenue property nor the Fairview Avenue property is encumbered.
The magistrate found appellant had failed to sustain his burden of proof that the funds he inherited from his father's estate and placed in the MET Construction bank account were his separate property. The court found testimony alone was not sufficient to demonstrate an asset is separate property, and appellant did not produce documentary evidence to trace these funds. The court concluded the funds lost their status as separate property and became marital property, because they were co-mingled into the parties' joint bank accounts, and some of the funds were expended on business expenses, and others on personal expenses. The court found the Fairview Boulevard property valued at $97,500 contained improvements of $78,500 of marital funds, and $19,000 of appellant's separate funds.
The court also found the Kenilworth Avenue home, valued at $65,000, had been improved with marital funds of $37,500.
 I
In his first assignment of error, appellant argues the trial court committed prejudicial error in its findings regarding the marital and separate property of the parties.
Appellant correctly cites R.C. 3105.171, which provides the co-mingling of separate property does not destroy its identity as separate property except when its identity is not traceable. Separate property should be awarded to the owner, unless the court chooses to make a distributable award, making specific findings of fact to support its decision.
The property appellant argues is his separate property, is that which he inherited from his deceased father's estate. These are the real estate parcels on Kenilworth Avenue and Fairview Boulevard, plus $123,747.17. Appellant's concedes the magistrate correctly found a portion of the values of the real estate at the Kenilworth Avenue and Fairview Boulevard properties is separate property. Appellant, however, urges the entire value of both real estate parcels are his separate property, because they were in his father's name until his death. In fact, at the time of the final hearing, the probate court had yet to issue a certificate of transfer, placing deeds to the parcels in appellant's name.
The magistrate found the two homes are marital property to the extent of the improvements the parties made during the marriage. Appellant argues that the funds used to improve the properties came from his inheritance. Appellant urges pursuant to Ohio law, the funds and property he inherited from his father are his separate property.
Appellee directs us to R.C. 3105.171 which provides an appreciation in property due to the labor, monetary or in-kind contribution of either or both spouses that occurred during the marriage is marital property.
The Supreme Court has generally directed us to review the propriety of a trial court's determination in a domestic relations case using the abuse of discretion standard, see Booth v. Booth (1989), 44 Ohio St.3d 142. The Supreme Court specifically made the abuse of discretion standard applicable to divisions of marital property in Martin v. Martin (1985),18 Ohio St.3d 292. A trial court must have discretion to do equity based upon the facts and circumstances of each individual case, see Cherry v.Cherry (1981), 66 Ohio St.2d 348. The Supreme Court has always defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see e.g., Blakemore v.Blakemore (1983), 5 Ohio St.3d 217 at 219.
Additionally, this court must defer to the factual findings made by the trier of fact, which in this case is the trial court, if the record contains evidence to support the findings.
Regarding the cash appellant inherited, appellant bears the burden of tracing separate property, by a preponderance of the evidence, deLeviev. deLevie (1993), 86 Ohio App.3d 531. Traceability is a finding of fact, see James v. James (1995), 101 Ohio App.3d 668.
Appellee urges appellant produced no documentation to trace the estate funds, which were undisputedly deposited into a money market account which had already contained marital funds. Thereafter, appellee performed all banking activities and had complete access to the account. Appellee used the account for both business and personal expenses, and appellee deposited money from her father's estate into the account as well. The magistrate found appellant had not met his burden of proof that the funds were separate. The magistrate cited Landry v. Landry (1995),105 Ohio App.3d 289, as authority for the proposition the doctrine of transmutation of separate property into marital property still exists. InLandry, the parties co-mingled the marital funds in an account the husband had owned as separate property before the marriage. The court found the entire account was marital property.
The magistrate found the checking account in question had funneled approximately $400,000 in deposits and expenditures in 1999. The magistrate found the property was presumed to be marital property, and appellant had not met his burden with testimony and documentation to trace the inheritance funds through the checking account.
We have reviewed the record, and we find the trial court's findings of facts are supported by evidence in the record. Accordingly, this court accepts those findings, see C.E. Morris Company v. Foley Construction
(1978), 54 Ohio St.2d 279. We find no abuse of discretion.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant argues the trial court committed prejudicial error in denying the request for findings of fact and conclusions of law. We find this assignment of error is totally without merit. We find the trial court did make findings of fact and conclusions of law when it adopted the amended magistrate's decision. In his post-trial motions, appellant asked for findings of fact and conclusions of law with regards to the court's adoption of the amended magistrate's decision. In response, the court found the amended magistrate's decision, consisting of 41 pages, was sufficient. We agree.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed. Costs to appellant.